UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE WALKER, JR., | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-4033 |
| WEXFORD HEALTHCARE SERVICES, INC., et. al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. §1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The pro se Plaintiff, a state prisoner, claims his constitutional rights were violated at Hill Correctional Center by Wexford Healthcare Services, Health Care Administrator Lois Lindorff, Nurse

Ruth Brown and Dr. Kul Sood.  Plaintiff says he was provided with an x-ray of his right knee after multiple falls, but the x-rays did not reveal any abnormalities. Plaintiff says the Defendants took no further action to determine the cause of his constant lower back, right hip and knee pain.  Plaintiff says he has informed Dr. Sood, Ms. Lindorff and Nurse Brown of his continued problems with pain, but none of them have provided any additional care.

Plaintiff has adequately alleged Defendants Dr. Sood, Ms. Lindorff and Nurse Brown violated his constitutional rights when they were deliberately indifferent to his serious medical condition. However, Plaintiff has failed to state a claim against Wexford Health Sources.  Plaintiff only alleges Wexford employed the other three Defendants, but he makes no mention of a policy or practice which led to the alleged harm. *See Minix v. Canarecci*, 597 F.3d 824, 832(7th Cir. 2010).

Plaintiff has also filed a motion for appointment of counsel.[4] The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case.  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded

from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [4]

**IT IS THEREFORE ORDERED:**

1)	Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff alleges Health Care Administrator Lois Lindorff, Nurse Ruth Brown, and Dr. Kul Sood were deliberately indifferent to Plaintiff's serious medical condition. The claim is stated against the Defendants in their individual capacities. This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)	This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   Plaintiff's motion for appointment of counsel is denied with leave to renew. [4]

12)   The Clerk of the Court is directed to dismiss Defendant Wexford Health Services, Inc. for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A.

13)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.

14)   The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15)   The Clerk is further directed to set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:   May 3, 2016

FOR THE COURT:                              s/ Sue E. Myerscough
                                      _____
                                         SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE